

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,445

### Ex parte JONATHAN EVANS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-01-0239-S IN THE 119TH DISTRICT COURT
### FROM TOM GREEN COUNTY

**KELLER, P.J., filed a concurring opinion.**

I disagree with the Court's statement that *Meza*[1] "addressed the due process protections required before imposing 'sex offender conditions' as a general matter."[2] On the contrary, the *Meza* court stated: "Having determined that sex offender registration and therapy are at issue in this case, we find it is unnecessary to examine whether Meza has a liberty interest in any of the other sex offender conditions."[3]

---

[1] *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010). As the Court acknowledges, *Meza* is not binding upon us, but we can consider the case for its persuasive value.

[2] *See* Court's op. at 20.

[3] 607 F.3d at 400.

Conditions ordering sex offender registration and therapy were found to infringe on liberty interests inherent in the Fourteenth Amendment because those conditions are "highly stigmatizing and invasive."[4] Other "sex offender conditions" may not implicate liberty interests inherent in the Fourteenth Amendment but may be subject to notice in a particular case where there is a state-created liberty interest, such as the right to release on mandatory supervision, the conditional right to release on discretionary mandatory supervision,[5] or the right of a person on early release (whether parole or mandatory supervision) to remain on release while he maintains his good behavior. Determining the nature and importance of the liberty interest involved is crucial to determining what procedures are required by due process.[6]

Appellant's parole was not revoked for any failure to register or undergo therapy. It was revoked for his failure to abide by other conditions that were not at issue in *Meza*. Most of the violations involved conditions that denied the right to possess, send, or receive sexually explicit images. The remaining violation involved a condition that denied the right to possess a cell phone with still picture and video capability. These conditions might or might not be considered "invasive," but as mere prohibitions on certain types of activities, the conditions did not involve any stigma. Nevertheless, these conditions were a significant departure from the conditions previously imposed upon applicant, under which he had been living successfully, and applicant had a due process right to be heard before his parole conditions were modified so significantly.

In *Meza*, release was mandatory. In the present case, release had already occurred. The

---

[4] *Id.* at 401, 409.

[5] *See Ex parte Geiken*, 28 S.W.3d 553 (Tex. Crim. App. 2000).

[6] *See Meza*, 607 F.3d 401-410.

question of whether a hearing is required if release is discretionary or if conditions are imposed at the time of release is not before us.  I think the Court speaks too broadly when it suggests that the procedures it now imposes would apply to any sex-offender conditions, regardless of releasee's status or when those conditions are imposed.

With these comments, I concur in the Court's judgment.

Filed: May 4, 2011
Publish